IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-cv-369-BO

| | | |
|---|---|---|
| GWENDOLYN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 16, 18]. A hearing was held on these matters before the undersigned on November 20, 2019 at Elizabeth City, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion [DE 18] is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for a period of disability insurance benefits. Plaintiff filed her application in March 2015. After initial denials, plaintiff was given a hearing before an Administrative Law Judge (ALJ) in July 2017. The ALJ issued an unfavorable ruling, finding plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g) this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

In this case, the ALJ found at step two that plaintiff had the severe impairments of diabetes mellitus, villonodular synovitis in bilateral hands, hallux valgus bilaterally, obesity, and myalgia. Plaintiff did not meet a step three listing. The ALJ found plaintiff had the RFC to perform light work with additional limitations, and was able to perform her past relevant work of resource teacher. The ALJ also went on to step five and determined that plaintiff could perform other jobs in the national economy.

Plaintiff argues the ALJ erred by (1) ignoring specific limitations opined by plaintiff's treating rheumatologist and (2) failing to find plaintiff's fibromyalgia and depressed as severe impairments.

The Court finds that the ALJ committed no reversible error with respect to the weight assigned to the opinion of Dr. Maria Watson, plaintiff's treating rheumatologist. The ALJ sufficiently explained that the opinion was being afforded little weight because Dr. Watson cited no evidence for her opinion that plaintiff could not keep up with her job as a schoolteacher nor

3

perform any other job. Tr. 348. Additionally, on the same day Dr. Watson issued her opinion, she observed no abnormalities with plaintiff's lower extremities. *Id.*

The Court further finds no reversible error in the ALJ's determination that plaintiff's fibromyalgia and depression were not severe impairments. The ALJ acknowledged that the diagnosis of fibromyalgia appears throughout the record but determined that there was no evidence supporting the diagnosis as required by SSR 12-2p. With respect to depression, the ALJ carefully considered four broad areas of mental functioning and went through each one in detail. Tr. 20. Moreover, substantial evidence existed in the record to support the ALJ's finding that the plaintiff was not disabled. The ALJ sufficiently explained his conclusions.

In sum, the ALJ committed no reversible error and remand is not appropriate. Plaintiff's motion for judgment on the pleadings must be denied, and defendant's motion must be granted.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion for judgment on the pleadings [DE 18] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __12__ day of January, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE